256 So.2d 403 (1972)
Robert ENGLAND, Individually As Agent and Employee, and Sears Roebuck and Company, a Foreign Corporation Doing Business in the State of Florida As Principal and Employer, Jointly and Severally, Appellants,
v.
Henry COOK, Jr., Appellee.
No. 71-832.
District Court of Appeal of Florida, Third District.
January 11, 1972.
Adams, George & Wood and Anthony Reinert, Miami, for appellants.
Matthews, Braynon & Mapp, Miami, and Clyde G. Killer, Fort Myers, for appellee.
Before SWANN, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
This is an interlocutory appeal from an order denying defendant's motion for change of venue entered by the Circuit Court for Dade County. The plaintiff, Henry Cook, Jr., a resident of Lee County, Florida, filed a suit for libel and slander in Dade County Circuit Court against defendants Sears Roebuck and Company, a foreign corporation registered to do business in the State of Florida, and Robert England, manager of its store in Ocala, Florida, and a resident of that city.
Defendants moved the circuit court for a change of venue of the case from the Circuit Court of Dade County to the Circuit Court of Marion County (Ocala), pursuant to §§ 47.011 and 47.122, Fla. Stat., F.S.A. In support of the motion defendant England stated in his affidavit that he is the manager of the Sears store in Ocala, Florida; that he is personally acquainted with the plaintiff; that he knows of no persons living or working in Dade County with any personal knowledge of the matters alleged in the complaint; that he knows of his own knowledge that there are approximately nine persons who can testify in his and in Sears' defense in connection with some or all of the allegations in the complaint, and all of those defense witnesses live and work in or near Ocala, Florida. The affidavit contains other allegations of inconvenience and hardship which the defendants would suffer if the suit is not transferred to Ocala, Florida.
In opposition to the defendant's motion for change of venue, plaintiff filed an affidavit which recited, among other things, that some of his witnesses reside in Pinellas County and Lee County, Florida, and that in his opinion, he could not receive a fair trial in Marion County because plaintiff, *404 as a Negro, would be unfairly treated in the Marion County courts. There was no showing that any witness lived in Dade County, Florida, where the suit was brought.
It is appellant's sole contention that the trial judge abused his discretion under § 47.122, Fla. Stat., F.S.A., in denying the defendant's motion for change of venue from Dade County to Marion County since the occurrence on which plaintiff bases his suit is alleged to have happened in Marion County and no witnesses live or work in or near Dade County, but almost all of the witnesses reside and work in Marion County which is some three hundred miles away from Dade County.
We find merit in appellant's contention and reverse.
In 1968, § 47.122 Fla. Stat., F.S.A., was enacted. It provides:
"For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought."
This forum non-conveniens statute is identical to the Federal statute, 28 U.S.C. § 1404(a), which has been construed in many federal appellate decisions. We have considered these decisions and find that they amply support our view that the trial court erred in denying the motion for change of venue from Dade to Marion County.[1]
Where: (1) the plaintiff, a Florida resident, sues upon a transitory cause of action arising in Florida, (2) joins an individual defendant who is a resident of Florida with a defendant foreign corporation authorized to do business in Florida, (3) that individual defendant asserts a venue privilege under § 47.122, and (4) no witnesses reside in the transferor forum but do reside in the requested transferee forum, then the suit should be transferred.
Furthermore, the decision reached herein is consistent with Florida law before the enactment of the forum non-conveniens statute.[2]
Reversed and remanded with directions to transfer the cause to the Circuit Court of Marion County, Florida.
NOTES
[1] Gulf Oil Corporation v. Gilbert (1947), 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055; Chicago, Rock Island and Pacific Railroad Company v. Hugh Breeding, Inc., 247 F.2d 217, 226-227 (10th Cir.1957), petition for cert. dismissed, 355 U.S. 880, 78 S.Ct. 138, 2 L.Ed.2d 107; Southern Railway Company v. Madden, 235 F.2d 198, 200-201 (4th Cir.1956), cert. den. 352 U.S. 953, 77 S.Ct. 328, 1 L.Ed.2d 244; Chicago, Rock Island and Pacific Railroad Company v. Igoe, 220 F.2d 229, 302, 304 (7th Cir.1955), cert. den. 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735; Atlantic Coast Line R. Co. v. Davis, 185 F.2d 766 (5th Cir.1950).
[2] Enfinger v. Baxley, Fla. 1957, 96 So.2d 538; Inverness Coca-Cola Bottling Company v. McDaniel, Fla. 1955, 78 So.2d 100 (en banc); L.B. McLeod Const. Co. v. State, 106 Fla. 805, 143 So. 594.