338 So.2d 896 (1976)
Francisco VELEZ, Appellant,
v.
MELL D. LEONARD & ASSOCIATES, INC., a Florida Corporation, Appellee.
No. 76-183.
District Court of Appeal of Florida, Second District.
October 29, 1976.
*897 B. Lee Elam, Brandon, for appellant.
Warren H. Petersen, Orlando, for appellee.
SCHEB, Judge.
Appellant/plaintiff filed suit against the appellee/defendant in the circuit court in Hillsborough County. The trial court, citing Sections 47.011 and 47.051, Florida Statutes, dismissed plaintiff's complaint without prejudice to refiling in the county of proper venue. This appeal ensued. We reverse.
The gravamen of the plaintiff's complaint is that he has been defamed through certain verbal and written contacts made by the defendant to his employer in Hillsborough County.
Defendant supported its motion to abate and transfer the cause to Orange County with an affidavit of its president, Mell Leonard. Leonard referred to an employment contract between the plaintiff and defendant with certain sums payable to the defendant in Orange County where it maintains its sole offices. Affiant further stated that since the corporation does not maintain an office in Hillsborough County and all of defendant's witnesses reside in Orange County, that it would be a hardship for the defendant to defend the instant action in Hillsborough County.
Sections 47.011 and 47.051, Florida Statutes, each permit institution of a suit "where the cause of action accrues." The plaintiff has the right initially to select venue, and the burden of pleading and proving that venue is improper is upon the defendant. See Tribune Co. v. Approved Personnel, Inc., 115 So.2d 170 (Fla. 1st DCA 1959).
Here, the plaintiff's complaint alleged a tort action for defamation of the plaintiff at plaintiff's place of employment in Hillsborough County. It was incumbent on the defendant to establish all matters which would negative the plaintiff's initial selection of venue. See Inverness Coca-Cola Bottling Co. v. McDaniel, 78 So.2d 100 (Fla. 1955). Yet, defendant's affidavit, while relating to contractual negotiations between the parties concerning an employment contract, makes no reference to any communications between it and plaintiff's employer. Thus, the defendant's affidavit in no way negates the plaintiff's allegations that the cause of action here sued upon accrued in Hillsborough County.
As stated by Judge Walden, speaking for the Fourth District, in Stolley & Associates v. Lawrence, 243 So.2d 446 (Fla. 4th DCA 1971):
"The burden of pleading and proving that venue is improper is upon the defendant. And if defendant fails to sufficiently assert a venue objection, it is the defendant who must bear the consequences. Such venue objection should contain specific averments negativing the plaintiff's right to bring the suit where brought and should contain specific averments as to where the cause of action accrued (if that be the critical issue) with such degree of certainty as to exclude the idea that the suit was brought in the proper county."
Finally, attempts by defendant to support the trial court's ruling on the doctrine of "forum non conveniens" under Section 47.122, Florida Statutes, are not persuasive. While it is apparent that defendant's witnesses reside in Orange County, it is just as obvious that the plaintiff's witnesses are in Hillsborough County. Therefore, defendant's reliance on England v. Cook, 256 So.2d 403 (Fla. 3d DCA 1972), is misplaced for in England it was clear that no witnesses lived in the transferor forum.
*898 Accordingly, the order appealed is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.
McNULTY, C.J., and NORRIS, WILLIAM A., Jr., Associate Judge, concur.