571 So.2d 24 (1990)
JOHN CHRISTEN Corporation, Appellant,
v.
Sal Maita, Richard Cami, Seashells, Inc., Seashells I, Inc., and Seashells II, Inc., Appellees.
No. 89-03326.
District Court of Appeal of Florida, Second District.
July 13, 1990.
*25 Mark Herron and Joseph Brennan Donnelly of Moffitt, Hart & Herron, P.A., Tallahassee, for appellant.
Henry Gonzalez, Tampa, and Joseph G. Spicola, Jr., of Spicola & Larkin, P.A., Tampa, for appellees.
ALTENBERND, Judge.
The plaintiff, John Christen Corporation, appeals a nonfinal order changing venue in this trade secret and trademark action from Hillsborough County to Dade County under section 47.122, Florida Statutes (1989). We reverse because the defendants, Richard Cami, Seashells, Inc., Seashells I, Inc., and Seashells II, Inc., did not prove that the Dade County forum would be substantially more convenient than the Hillsborough County forum since there are many witnesses in both locations. Ashland Oil, Inc. v. Florida Dept. of Transp., 352 So.2d 567 (Fla. 2d DCA 1977); Velez v. Mell D. Leonard & Assocs., 338 So.2d 896 (Fla. 2d DCA 1976).
The plaintiff is a Florida corporation which operates a "Shells" seafood restaurant in Hillsborough County. It also licenses other Shells restaurants in Florida and manages this operation from its headquarters in Hillsborough County. It filed a complaint in February 1988 which alleged that Sal Maita was a resident of Hillsborough County and had worked as a manager-trainee in its Hillsborough County Shells. Mr. Maita allegedly obtained confidential trade secrets, including secret recipes, and transferred that information to Mr. Cami for use in similar restaurants which operate in South Florida as "Seashells." There is no dispute that venue is proper in Hillsborough County. Thus, the action may be transferred only if the defendants prove that a change of venue would be "for the convenience of the parties or witnesses or in the interest of justice." § 47.122, Fla. Stat. (1989).
After the case had been pending for eighteen months and had once been set for trial by stipulation of the parties, the defendants moved for a change of venue.[1] The motion was not verified. The only evidence in support of the motion came from seven form affidavits from individuals who state that they live in Dade or Broward County, have relevant evidence, and are "prepared to speak" to the lack of confusion between the restaurants. The defendants also argued that a jury would need to conduct a view of its restaurants in South Florida.
The convenience of the witnesses is not a factor permitting a change of venue in this case. From the limited evidence in the defendants' form affidavits and the plaintiff's counteraffidavit, it appears that at trial the parties will need to call witnesses from both communities. Thus, some witnesses will be inconvenienced by the selection of either forum. The witnesses' status in this case appears comparable to the circumstances in Velez that did not permit a change of venue.
Since Velez was decided, there has been an important development in discovery methods which strengthens the rule discouraging changes of venue in cases involving witnesses in two competing forums. Recent amendments to the Florida Rules of Civil Procedure permit depositions recorded by videotape. Fla.R.Civ.P. *26 1.310(b)(4). This procedure permits the jury to receive a close equivalent of live testimony without inconveniencing witnesses with travel. Although there may be cases in which it would not be in the interest of justice for one party's witnesses to testify live while the other party's witnesses testify by videotape, the defendants have not demonstrated this to be one of those cases.
The possibility that the trial court in Dade County might grant a jury view of a relevant business location is also an insufficient ground to support a change of venue in this case. Houchins v. Florida East Coast Ry., 388 So.2d 1287 (Fla. 3d DCA 1980). Again, the availability of photographic and video evidence should allow all relevant locations, whether they are located in Dade County, Broward County, or Hillsborough County, to be adequately and equally presented to the jury.
Reversed and remanded.
LEHAN, A.C.J., and PATTERSON, J., concur.
NOTES
[1] The plaintiff argues that the defendants should be prohibited from filing a motion for change of venue at this late stage of the proceedings. The statute itself contains no time limitation. § 47.122, Fla. Stat. (1989). Whitehead v. Nat'l Crane Corp., 466 So.2d 412 (Fla. 3d DCA 1985). Although a long delay in making such a request may be a circumstance which adversely affects the "interest of justice," we decline to rely upon the time delay as a factor in our decision in this case.