PER CURIAM.
Langdon Asset Management, Inc. sued Lawrence Rayman for breach of fiduciary duty, quantum meruit, breach of oral joint venture agreement, and fraudulent inducement alleging that Rayman failed to issue stock and compensate Langdon pursuant to their oral agreement. Rayman moved to transfer venue. The trial court denied the motion, and this appeal follows. We affirm.
The corporate defendants and Rayman, a corporate director, contracted with Langdon Asset Management to provide consulting services for the defendants. The consultant performed its services as agreed and received three payments in Palm Beach County at the defendants’ place of business. No further payments were received. In this complaint, Lang-don alleges that Rayman, as well as the corporate defendants not involved in this appeal, failed to pay monies and issue stock to Langdon in accordance with their oral agreement. Langdon contends that the cause of action accrued in Dade County; Rayman contends that it accrued in Palm Beach County. Previous payments had been received in Palm Beach County because the consultant happened to be present there. Langdon argues that payment was to be received in Dade County because their only office is in Dade County-
The venue statute provides three alternative venues for bringing actions: the county where the defendant resides or the corporate defendant maintains an office, where the cause of action accrued, or where the property in litigation is located. Fla. Stat. §§ 47.011, 47.051 (1999). The plaintiffs choice of venue, in Florida, is generally given favor if it has been properly exercised under the applicable statutes, i.e., falls into one of the three alternatives. Kinney Sys. Inc. v. Continental Ins. Co., 674 So.2d 86, 91 (Fla.1996). To hold otherwise would nullify the venue statute. See Greyhound, Corp. v. Rosart, 124 So.2d 708, 711 (Fla. 3d DCA 1960).
*428 The first claim concerns a failure to pay money owed. Generally, an action on the default of an agreement for monetary payment accrues in the county where payment was agreed to be made. See Boca Research, Inc. v. Kroll Assoc., Inc., 677 So.2d 419, 419 (Fla. 3d DCA 1996). “Where the contract does not expressly provide a place of payment, it is implied that the debtor must seek the creditor and that payment is to be made in the county where the payee resides.” Schecter v. Fishman, 525 So.2d 502, 503 (Fla. 5th DCA 1988) (citations omitted); see also Boca Research, Inc., 677 So.2d at 419. The agreement here did not provide a place of payment. Therefore, Rayman must seek out Langdon to pay the debt. Because Langdon’s only office is located in Dade County, it is implied that the place of payment was Dade County. As such, venue for the claim of nonpayment properly lies in Dade County.
Section 47.041, Fla. Stat. (1999), provides that where there are -multiple causes of actions, a plaintiff may bring suit “in any county where any of the causes of action arose.” See Steinhardt v. Palm Beach White House No. 3, Inc., 237 So.2d 590 (Fla. 3d DCA 1970)(holding that because proper venue for Count One was in Dade County, Count Two could be brought there also). “When venue is proper in more than one county, it is the plaintiffs choice where to file suit.” McKenzie Tank Lines, Inc. v. Valdes, 625 So.2d 1330, 1330 (Fla. 3d DCA 1993) (citing Houchins v. Florida East Coast Ry., 388 So.2d 1287, 1289 (Fla. 3d DCA 1980)). Therefore, since Langdon may bring the action for nonpayment of monies in Dade County, the entire complaint may be properly brought in Dade County.
AFFIRMED.