752 So.2d 102 (2000)
Teri Lynn DARBY a/k/a Teri Lynn Veil a/k/a Teri Lynn Novak and Michelle Veil, Appellants,
v.
ATLANTA CASUALTY INSURANCE COMPANY, Appellee.
No. 2D99-3387.
District Court of Appeal of Florida, Second District.
March 1, 2000.
Arthur Graham of Cameron, Marriott, Walsh, Hodges & Coleman, Daytona Beach, for Appellants.
Joseph F. Kinman and Michael P. Winter of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for Appellee.
BLUE, Judge.
Teri Lynn Darby and Michelle Veil appeal a nonfinal order denying their motions to transfer venue from Hillsborough to Polk County. We reverse.
Michelle Veil was involved in an accident in Polk County while driving a car that belonged to Teri and Robert Darby. Veil hit a person insured by State Farm Insurance Company. State Farm, as subrogee, sued Teri Darby, Robert Darby and Veil in Polk County. The Darbys had an automobile insurance policy with Atlanta Casualty Insurance Company; the policy was issued in Polk County. Atlanta Casualty filed a complaint for declaratory relief, alleging that Veil was an excluded driver under the policy and seeking a declaration as to whether it owes coverage. Atlanta Casualty filed its complaint in Hillsborough *103 County and named the following defendants: the Darbys, Veil, State Farm, and State Farm's insured. The complaint alleged that venue is proper in Hillsborough County because State Farm has agents who conduct business there. This is the only allegation that touches Hillsborough County.
Teri Darby and Veil filed almost identical unsworn motions for change of venue to Polk County. They requested a change based on the convenience of the parties and the "administration" of justice. In support, they submitted an affidavit by a State Farm claim representative with knowledge of the subrogation claim. This affidavit stated that the accident occurred in Polk County; the subrogation lawsuit was filed in Polk County; the medical providers who treated State Farm's insured were either in Polk County or Virginia; and the State Farm claims professionals who handled this claim worked in either Polk County or Virginia. The affidavit also stated that no State Farm claims representatives in Hillsborough County handled any aspect of this claim.
Section 47.122, Florida Statutes (1997), allows a change of venue for the convenience of the parties or witnesses or in the interest of justice. A trial court's decision on a change of venue will not be reversed absent an abuse of discretion. See Tindall v. Smith, 601 So.2d 627 (Fla. 2d DCA 1992). When deciding a venue issue, a plaintiffs venue selection is not the paramount consideration; but "it is a meaningful one in assessing the convenience of the parties." J.L.S. v. R.J.L., 708 So.2d 293, 295 (Fla. 2d DCA 1998). Atlanta Casualty's venue selection was based on the fact that State Farm has an office in Hillsborough; the affidavit by State Farm shows that the Hillsborough office has no connection to the lawsuit or the underlying claim. Polk County, on the other hand, was the site of the accident, the place where the Darbys' policy was issued, and the location of the court that will hear the underlying subrogation claim. Based on these factors, the interest of justice supports a change of venue to Polk County under section 47.122. See E.I. Du-Pont De Nemours & Co. v. Fuzzell, 681 So.2d 1195 (Fla. 2d DCA 1996) (granting change of venue to Lake County, which contained majority of witnesses and was site of all alleged conduct; noting that in the interest of justice, Polk County should not hear a case when only connection to Polk was location of lawyer's office). With nothing more to support venue in Hillsborough County, we conclude that the trial court abused its discretion in denying the change of venue. Accordingly, we reverse and remand.
Reversed and remanded for further proceedings in accordance with this opinion.
PATTERSON, C.J., and SALCINES, J., Concur.