ORFINGER, J.
State Farm Fire and Casualty Company appeals the trial court’s order denying its motion to transfer venue due to forum non conveniens, section 47.122, Florida Statutes (2002). We reverse.
Beth Ann Sosnowski sued State Farm and its agent, Phillip Thompson, alleging that State Farm and Thompson fraudulently failed to disclose to her the existence of available uninsured motorist (UM) benefits and to pay her certain UM benefits due under her automobile insurance policy following an accident. Sosnowski’s action was filed in the circuit court of Seminole County, Florida. Pursuant to section 47.122, State Farm moved to transfer venue to Broward County due to forum non conveniens. State Farm premised its motion on the fact that (1) Sosnowski is a resident of Georgia; (2) State Farm is an Illinois corporation with agents and offices located throughout Florida, including Bro-ward County and Seminole County; (3) Sosnowski obtained her State Farm policy in Broward County; (4) Sosnowski’s claim was adjusted by State Farm representatives in Broward County; and (5) the accident, which resulted in the claim, occurred in Palm Beach County, where Sosnowski received treatment for her injuries.
The standard of review of a trial court’s denial of a motion to transfer due to forum non conveniens is abuse of discretion. Darby v. Atlanta Cas. Ins. Co., 752 So.2d 102, 103 (Fla. 2d DCA 2000). Sosnowski’s initial venue selection was based on the fact that State Farm has an office in Seminole County, but all other record evidence indicates that State Farm’s Seminole County office has no connection to Sosnowski’s lawsuit or the underlying claim. Broward County, or perhaps Palm Beach County, where the accident occurred and where Sosnowski received medical treatment, are clearly more convenient to the parties and better serve the interest of justice. See E.I. DuPont De Nemours & Co. v. Fuzzell, 681 So.2d 1195 (Fla. 2d DCA 1996) (granting change of venue to Lake County, which contained majority of witnesses and was site of all alleged contact; noting that in the interest of justice, Polk County should not hear a case when only connection to Polk County was location of lawyer’s office). Accordingly, we conclude that the *1101 trial court abused its discretion in denying the change of venue. Finding no merit in the remaining issues, we reverse and remand for further proceedings.
REVERSED AND REMANDED.
SHARP, W., and MONACO, JJ., concur.