939 So.2d 347 (2006)
UGI CORPORATION; AMERIGAS PROPANE, L.P.; AMERIGAS PROPANE, INC.; AMERIGAS EAGLE PROPANE, L.P.; AMERIGAS EAGLE HOLDINGS, INC.; and AMERIGAS EAGLE PARTS & SERVICE, INC., Appellants,
v.
ANTHONY MARCUCILLI, individually and on behalf of all others similarly situated, Appellee.
Case No. 2D06-1300.
District Court of Appeal of Florida, Second District.
Opinion filed October 20, 2006.
John R. Hamilton and Christi R. Adams of Foley & Lardner, LLP, Orlando, for Appellants.
Mark C. Menser of Viles & Beckman, LLC, Fort Myers, for Appellee.
WALLACE, Judge.
UGI Corporation; AmeriGas Propane, L.P.; AmeriGas Propane, Inc.; AmeriGas Eagle Propane, L.P.; AmeriGas Eagle Holdings, Inc.; and AmeriGas Eagle Parts & Service, Inc. (UGI), appeal an order granting class certification of a consumer's action that challenges a "hazardous material charge" on his propane gas bill.[1] Because there is no evidentiary support in the record for the order, we reverse.
The hearing on the putative class representative's motion for class certification lasted about ten minutes; the portion of the transcript of the hearing devoted to the motion is only sixteen pages long. No witnesses testified at the hearing. No affidavits were offered. No documents or other exhibits were received in evidence. Instead, the brief hearing consisted entirely of arguments by counsel for the parties. Counsels' arguments featured references to papers that were never authenticated or received in evidence. Although no evidence of any kind was presented at the hearing, the circuit court's order recites that it has "considered the record . . . [and] the documents and other evidence presented at the hearing." The order also includes numerous "findings of fact." Because no evidence was presented at the hearing, there is no evidentiary support in the record for the circuit court's order.
We recognize that "[i]t may not be necessary to conduct an evidentiary hearing in all cases" where the certification of a class is requested. Barton-Malow Co. v. Bauer, 627 So. 2d 1233, 1235 (Fla. 2d DCA 1993). However, this was not one of those rare cases in which an evidentiary hearing was not required. Counsel for UGI informed the circuit court at the hearing that his clients contested the issue of class certification and pointed out that the putative class representative had not presented any evidence in support of his motion for class certification. At that point, the putative class representative's request for the certification of a class rested on the unsupported allegations of the class action complaint and the motion for class certification. Under these circumstances, an evidentiary hearing was required before a class could be certified, and the circuit court abused its discretion in certifying the class without first conducting such a hearing. See KPMG Peat Marwick LLP v. Barner, 799 So. 2d 308 (Fla. 2d DCA 2001); Barton-Malow Co., 627 So. 2d 1233; Seminole County v. Tivoli Orlando Assocs. Ltd., 920 So. 2d 818 (Fla. 5th DCA 2006).
Accordingly, we reverse the circuit's order, and we remand this case for an evidentiary hearing after both parties have had an opportunity to conduct discovery pertinent to the issue of class certification.
Reversed and remanded.
KELLY, J., and ROBERTS, CHARLES E., Associate Judge, Concur.
NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.
NOTES
[1] We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi).