KELLY, Judge.
 

 Brian Koslow appeals the order denying his amended motion to dismiss or transfer venue from Collier County, Florida, to Broward County. We agree with Koslow that venue is proper in Broward County where he resides, and accordingly, we reverse. Roy E. Sanders sued Koslow, David Waltzer, and Kevin Castro alleging that they breached an agreement to share in commissions earned on the purchase and sale of real estate located in Panama. The complaint also sought an accounting and a declaration of the amount owed to Sanders. The trial court dismissed the action against Waltzer and Castro for lack of personal jurisdiction leaving Koslow as the sole defendant. Koslow, who was named only in the counts for breach of contract and for declaratory relief, moved to dismiss or transfer the action for improper venue arguing that venue was proper in Broward County where he resided. Sanders countered that venue was proper in Collier County where he resided because that is where any payments owed to him under the contract would be due. The trial court rejected Koslow’s argument after finding that the action was for payment of money and therefore, the cause of action arose in Collier County where Sanders resided and the payments would be due.
 

 In finding that venue was proper in Collier County, the trial court relied on the venue rule applicable to claims for breach of a contract to pay money. Where a contract involves the payment of money and no place of payment is specified in the contract, payment is due where the creditor resides.
 
 James A. Knowles, Inc. v. Imperial Lumber Co.,
 
 238 So.2d 487 (Fla. 2d DCA 1970). However, this rule only applies when a debtor-creditor relationship exists between the plaintiff and defendant and the promise sued on is for the payment of a specified amount of money.
 
 Id.
 
 at 489. Neither Koslow nor the other defendants promised to pay Sanders a specified sum of money. In fact, the complaint seeks an accounting and declaration of the amount owed to Sanders. Accordingly, the trial court erred when it concluded that the place of payment rule applied.
 
 See Morales Sand & Soil, L.L.C. v. Kendall Props. & Invs.,
 
 923 So.2d 1229, 1232 (Fla. 4th DCA 2006) (holding that where there is no liquidated debt involved the place of payment venue rules do not apply and the court must look to the allegations of the complaint to determine where the cause of action accrued and where venue lies).
 

 Rather than rely on the venue rule governing debtor-creditor relationships, the trial court should have applied the rule governing actions for breach of contract.
 
 *39
 
 “A cause of action on a contract accrues for venue purposes where the breach of that contract occurs, and if a contract involves performance, the breach occurs where the defaulting party fails to perform an act that it has agreed to do.”
 
 Speedling, Inc. v. Krig,
 
 378 So.2d 57, 58 (Fla. 2d DCA 1979).
 
 See Precision Software, Inc. v. Gauthier,
 
 605 So.2d 592, 594 (Fla. 2d DCA 1992). Here, Sanders alleged that Koslow breached the parties’ agreement, but the complaint contains no indication of how he breached it or where the breach occurred. The only duty Koslow had under the parties’ agreement was to “handle all administrative forms and related details for sales made by Sanders and his representatives at no charge to Sanders.” Thus, if Koslow did in fact breach the agreement by failing to perform those duties, it would have occurred in Broward County where he resides.
 
 See Precision,
 
 605 So.2d at 594. We therefore reverse the trial court’s order and remand with directions that this action be transferred to Broward County.
 

 Reversed and remanded with instructions.
 

 FULMER and WHATLEY, JJ, Concur.