COPE, J.
 

 This is an appeal of a non-final order denying a motion to dismiss for improper venue. We conclude that venue is improper in Miami-Dade County and reverse the order now before us.
 

 The plaintiff-appellee MIA Consulting Group, Inc. is a corporation having its principal place of business in Miami-Dade County. MIA manages assisted living facilities throughout Florida and the United States.
 

 Hacienda Villas, Inc. is a corporation having its principal place of business in Hillsborough County. It owns and operates Hillsborough County Hacienda Villas, an independent senior housing project.
 

 In its complaint, MIA alleged that it entered into an agreement with Hacienda Villas, Inc. to submit an application to the United States Department of Housing & Urban Development (“HUD”) for a grant to convert the Hillsborough County Hacienda Villas housing project to an assisted living facility. The parties agreed that MIA would not charge any fees for preparing and submitting the grant application. In exchange for this, Hacienda Villas agreed to retain MIA as the implementation consultant and managing agent of the Hillsborough County Hacienda Villas facility. MIA alleges that all payments to MIA for its services would be made at MIA’s principal office in Miami-Dade County.
 

 The complaint goes on to allege that MIA submitted the application to HUD as agreed and that HUD awarded a multimillion dollar grant. MIA alleged that Hacienda Villas refused to retain MIA as the consultant and manager of the Hills-borough County Hacienda Villas facility. MIA alleged breach of contract and requested damages.
 

 Hacienda Villas moved to dismiss the action for improper venue. The trial court denied the motion and Hacienda Villas has appealed.
 

 Under section 47.011, Florida Statutes (2009), “Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.” MIA selected Miami-Dade County on the theory that this is where the cause of action accrued.
 

 According to the stipulated statement of proceedings,
 
 see
 
 Fla. R.App. P. 9.200(b)(4), MIA relied on
 
 Rayman v. Langdon Asset Management, Inc.,
 
 745 So.2d 426 (Fla. 3d DCA 1999), which addresses the debtor-creditor rule. Under that rule, “an action on a default of an agreement for monetary payment accrues in the county where payment was agreed to be made.”
 
 Id.
 
 at 428. The complaint in this case alleged that payment for the management services was to be made in Miami-Dade County.
 

 However, there are definite limitations on the debtor-creditor rule. The rule applies only if the debt is for a liquidated amount, and “only if the contract is one that establishes a debtor and creditor relationship between the parties.” Philip J. Padovano,
 
 Florida Civil Practice
 
 § 2:4 (2010);
 
 see
 
 56 Fla. Jur.2d
 
 Venue
 
 § 67 (2010). “[T]he special venue rules pertaining to suits to enforce payments on debts do not apply in the absence of a debtor-creditor relationship flowing from an express contractual promise to pay a certain sum of money owed.”
 
 PDM Bridge Corp. v. JC Industrial Mfg.,
 
 851 So.2d 289, 291
 
 *850
 
 (Fla. 3d DCA 2003);
 
 see also Morales Sand & Soil, L.L.C. v. Kendall Props. & Invs.,
 
 923 So.2d 1229, 1232-34 (Fla. 4th DCA 2006);
 
 Dep’t of Transp. v. Cone & Graham, Inc.,
 
 884 So.2d 224, 226-27 (Fla. 2d DCA 2004). Where there is no liquidated debt involved in the contract action, “the court must look to the gravamen of the allegations in the complaint to determine where the cause of action accrued and proper venue lies.”
 
 Magic Wok Int’l, Inc. v. Li,
 
 706 So.2d 372, 374 (Fla. 5th DCA 1998).
 

 The present case does not involve an agreement to pay a liquidated sum in Miami-Dade County. This is a suit for damages which are unliquidated. Accordingly the debtor-creditor rule does not apply-
 

 The next question is where the cause of action accrued for purposes of section 47.011. The alleged agreement here was for MIA to manage a living facility located in Hillsborough County. “Failure to perform services is a breach that accrues in the county where the services were to be performed.” Philip J. Padovano,
 
 Florida Civil Practice
 
 § 2:4;
 
 Kumar v. Embassy Kosher Tours, Inc.,
 
 696 So.2d 393 (Fla. 3d DCA 1997);
 
 Weiner v. Prudential Mortgage Investors, Inc., 557
 
 So.2d 912, 913 (Fla. 3d DCA 1990).
 

 We reverse the order now before us and remand with directions to dismiss the action or transfer it to the circuit court in Hillsborough County.
 

 Reversed and remanded.