*594
 
 SUAREZ, J.
 

 Hudson Protection Group, Inc. (“Hudson”), a Florida corporation and plaintiff below, seeks to reverse a non-final order granting the defendant’s, PCG Security International, LLC (“PCG”), motion to change venue and transferring the case to Hernando County. We reverse.
 

 Hudson is a security company based in Miami-Dade County. Former co-defendant, WHLS of Florida, LLC (“WHLS”), is a for-profit charter school operator that hired Hudson to provide security for a number of its schools in Florida. Hudson subcontracted with PCG, a security services company, to provide security personnel for WHLS’s schools in west and north Florida. The subcontract agreement included a noncompete clause that prohibited PCG from directly providing any security services to any WHLS-man-aged facility for three years after termination of the subcontract agreement. PCG allegedly breached the agreement by taking over Hudson’s role as security provider for several WHLS schools in south Florida, including Miami-Dade County. Hudson sued for breach of the noncom-pete agreement in Miami-Dade County because two of the schools that PCG allegedly took over are located there. On amended complaint, PCG responded with a motion to change venue to either Her-nando County — because its registered agent and managing member is there, or to Hillsborough County — because PCG executed the contract there. At hearing, the trial court determined that the motion was brought under section 47.011, Florida Statutes (2009). PCG’s manager, Steven Lugo, testified that he signed the non-compete agreement in Hernando County, and that payments were made in Hills-borough County, where the corporation is located. Lugo also admitted, however, that PCG took over the security contracts for WHLS in Miami-Dade, Palm Beach and Broward counties at WHLS’s request. The trial court granted PCG’s motion for change of venue and transferred the case to Hernando County.
 

 Actions must be brought in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. § 47.011. For venue purposes, a breach of contract action accrues where the contract was breached or, in other words, where the defendant failed to perform the covenant that was allegedly breached.
 
 See McDaniel Reserve Realty Holdings, LLC v. B.S.E. Consultants, Inc.,
 
 39 So.3d 504 (Fla. 4th DCA 2010);
 
 Symbol Mattress of Fla., Inc. v. Royal Sleep Prods., Inc.,
 
 832 So.2d 233 (Fla. 5th DCA 2002);
 
 Koslow v. Sanders,
 
 4 So.3d 37, 38 (Fla. 2d DCA 2009) (“[A] cause of action on a contract accrues for venue purposes where the breach of that contract occurs, and if a contract involves performance, the breach occurs where the defaulting party fails to perform an act that it has agreed to do.”);
 
 see also Tucker v. Fianson,
 
 484 So.2d 1370, 1372 (Fla. 3d DCA 1986) (“[W]hile lawyer Tucker negligently shot his arrow into the air of Broward County, it did no harm and had no effect until it fell to earth in Dade. It is therefore here that he must answer for his asserted error.”).
 

 The evidence presented by both parties at the hearing on PCG’s motion to transfer venue clearly showed that the cause of action accrued in Miami-Dade County when PGC admittedly took over security contracts for schools located there. Indeed, venue could also lie in those other Florida counties where PCG allegedly breached its noncompete agreement with Hudson. But Hudson chose Miami-Dade County, and where venue is proper in more than one county, the choice of forum rests with the plaintiff.
 
 Am.
 
 
 *595
 

 Vehicle Ins. Co. v. Goheagan,
 
 35 So.3d 1001 (Fla. 4th DCA 2010); P.V.
 
 Holding Corp. v. Tenore,
 
 721 So.2d 430, 431 (Fla. 3d DCA 1998).
 

 We reverse the non-final order granting PCG’s motion to transfer venue to Her-nando County and remand with instructions to reinstate venue in Miami-Dade County.
 

 Reversed and remanded with directions.