LaROSE, Judge.
 

 In these consolidated appeals, RJG Environmental, Inc., challenges the trial court’s nonfinal orders transferring venue from Manatee County to Palm Beach County. We have jurisdiction,
 
 see
 
 Fla. R.App. P. 9.130(a)(3)(A), and affirm.
 

 RJG, based in Manatee County, sued State Farm there for breach of contract and sought declaratory relief. The lawsuit stemmed from attic restoration work RJG performed for two homeowners in Palm Beach County. The homeowners assigned to RJG their rights to receive any insurance proceeds from State Farm. The contracts between the homeowners and RJG specified Manatee County as the forum for any dispute. Alleging that State Farm did not pay the full amount due for its work, RJG filed suit, claiming that the cause of action accrued in Manatee County.
 
 See
 
 § 47.011, Fla. Stat. (2009).
 

 State Farm moved to transfer venue to Palm Beach County. State Farm argued that RJG performed the work there, that the physical evidence and the majority of witnesses were located there, and that the insurance policy was issued there.
 
 See
 
 §§ 47.011, .051. Alternatively, State Farm asserted that a venue change was proper “[f]or the convenience of the parties or witnesses or in the interest of justice.” § 47.122.
 

 When presented with a motion to transfer venue based on the impropriety of the plaintiffs selection, the trial court must resolve any factual disputes and then determine whether the venue selection is legally supportable.
 
 Pricewaterhouse-Coopers LLP v. Cedar Res., Inc.,
 
 761 So.2d 1131, 1133 (Fla. 2d DCA 1999). We review the trial court’s legal conclusions de novo.
 
 Id.
 
 However, when a party moves to transfer for the convenience of the parties, the trial court faces more than one legally acceptable venue; its venue decision will stand absent an abuse of discretion.
 
 Id.; Fla. Health Scis. Ctr., Inc. v. Elsenheimer,
 
 952 So.2d 575, 578 (Fla. 2d DCA 2007);
 
 Darby v. Atlanta Cas. Ins. Co.,
 
 752 So.2d 102, 103 (Fla. 2d DCA 2000).
 

 RJG argues that it has a debtor-creditor relationship with State Farm, thus making Manatee County, the place where payment allegedly was due, the proper venue. But RJG seeks unliquidated damages; the amount of its recovery, if any, must be determined by presentation of evidence.
 
 See 1445 Washington Ltd. P’ship v. Lemontang,
 
 19 So.3d 1079, 1081 (Fla. 3d DCA 2009) (explaining that damages are liquidated, such that they can be awarded against a defaulting party without a hearing, “when the exact amount due may be determined from the pleadings[; wjhere evidence must be presented to determine the amount, however, damages are unliquidated” (citation omitted));
 
 Hartford Fire Ins. Co. v. Controltec, Inc.,
 
 561 So.2d 1334 (Fla. 5th DCA 1990) (rejecting assertion that damages were liquidated simply because a fixed sum was demanded by the complaint). The debtor-creditor rule does not apply when damages are unliquidated.
 
 Koslow v. Sanders,
 
 4 So.3d 37, 38 (Fla. 2d DCA 2009);
 
 Dep’t of Transp. v. Cone & Graham, Inc.,
 
 884 So.2d 224, 226 (Fla. 2d DCA 2004);
 
 Hacienda Villas, Inc. v. MIA Consulting Grp., Inc.,
 
 47 So.3d 848, 849-50 (Fla. 3d DCA 2010);
 
 PDM Bridge Corp. v. JC Indus. Mfg.,
 
 851 So.2d 289, 291 (Fla. 3d DCA 2003). When there is no liquidated debt, the court looks at the allegations in
 
 *680
 
 the complaint to determine where the cause of action accrued and where venue lies.
 
 Sanders,
 
 4 So.3d at 88;
 
 MIA Consulting,
 
 47 So.3d at 850.
 

 We cannot say with certainty that RJG established that its cause of action, based on its “place of payment” theory, accrued in Manatee County. We are constrained to observe that State Farm conceded below that it was a national company with “agents everywhere.” Although RJG did not base its venue selection on State Farm’s presence in Manatee County,
 
 see
 
 §§ 47.011, .051, we will assume, for purposes of this opinion, that venue otherwise was appropriate in Manatee County.
 

 RJG urges us to accord significance to the venue selection provision of the contracts between RJG and the homeowners. Because State Farm allegedly made some payments to RJG in Manatee County, RJG argues that suit was preferred and required in “Manatee County [Courts].” We cannot accept this view.
 

 A venue clause is mandatory if it states that any litigation must be initiated in a specified forum.
 
 Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc.,
 
 743 So.2d 627, 631 (Fla. 1st DCA 1999) (citing
 
 Granados Quinones v. Swiss Bank Corp. (Overseas), SA,
 
 509 So.2d 273, 274-75 (Fla.1987)). Permissive venue clauses, on the other hand, merely consent to venue in the named forum and do not exclude, alternative fora.
 
 Regal Kitchens, Inc. v. O’Connor & Taylor Condo. Constr., Inc.,
 
 894 So.2d 288, 291 (Fla. 3d DCA 2005) (citing
 
 Granados Quinones,
 
 509 So.2d at 274-75).
 

 The agreements between the homeowners and RJG appear to be mandatory. But State Farm is not a party to those agreements. Even if it were, the venue provision may yield to more compelling considerations.
 
 See Interval Mktg.
 
 As
 
 socs. Inc. v. Sea Club Assocs. IV, Ltd.,
 
 468 So.2d 262, 263 (Fla. 2d DCA 1985);
 
 Mason v. Homes By Whitaker, Inc.,
 
 971 So.2d 1029, 1030 (Fla. 5th DCA 2008). The assignments did not alter the fact that the homeowners reside in Palm Beach County where the damage occurred and where the critical witnesses are located. Although RJG’s venue selection is “meaningful” in assessing the convenience of the parties, it “is not the paramount consideration.”
 
 See Elsenheimer,
 
 952 So.2d at 578 (quoting
 
 Darby v. Atlanta Cas. Ins. Co.,
 
 752 So.2d 102, 103 (Fla. 2d DCA 2000) (internal quotation marks omitted)). Convenience is a compelling consideration in transferring venue.
 
 Id.
 

 We conclude that the trial court did not abuse its discretion in transferring venue to Palm Beach County.
 
 See E.I. DuPont De Nemours & Co. v. Fuzzell,
 
 681 So.2d 1195 (Fla. 2d DCA 1996) (holding that trial court abused its discretion in not transferring venue to alternative county).
 

 Affirmed.
 

 DAVIS and KELLY, JJ„ Concur.