ALTENBERND, Judge,
Concurring.
I concur in both the affirmance of the order denying the motion to transfer venue and in the denial of the motion for attorneys’ fees in this case.
Concerning the motion to transfer venue, I note that the body of East Coast’s motion is similar to a motion to transfer pursuant to section 47.122, Florida Statutes (2010), for the convenience of the parties or witnesses. However, the motion does not expressly rely on this statutory basis. Venue was proper in Collier County in light of the venue selection clause in the subcontract between Boran and East Coast. Thus, I conclude that our standard of review in this context is whether the trial court abused its discretion in denying the motion. See RJG Envtl., Inc. v. State Farm Fla. Ins. Co., 62 So.3d 678, 679 (Fla. 2d DCA 2011).
*315 On the limited record before this court, I cannot conclude that the trial court abused its discretion. On the other hand, it is troubling that Boran entered into governmental contracts to perform work in Brevard and Sarasota counties and obtained statutory payment bonds that expressly require legal actions on the bonds to be filed in those counties and then entered into subcontracts that expressly require actions between Boran and East Coast to be litigated in Collier County. East Coast has a claim against Boran that is likely a compulsory counterclaim in Collier County. That counterclaim is apparently a proper claim against the bond. I would think that Boran should have a difficult time enforcing its contractual venue selection if an action in Collier County cannot provide an adequate forum to resolve the claim against the statutory payment bond. On this record, however, I cannot conclude that East Coast’s rights to payment under the bond will be prejudiced by the trial court’s decision to deny a change of venue.
As to the denial of attorneys’ fees, I recognize that a party who prevails in the trial court can often receive an award of fees for time spent unsuccessfully litigating various pretrial motions so long as the motions were filed and argued in good faith. Logically, it may be reasonable to extend that rule to allow a party to receive fees for an unsuccessful prosecution of an appeal from a nonfinal order so long as the party prevails. If that were the rule, there is no question that East Coast’s appeal was filed in good faith and that it would be entitled to an award of fees conditioned upon prevailing in the trial court.
Jurisdiction for appeals from nonfinal orders is established by the supreme court; there is no constitutional right to such an appeal. Such appeals tend to disrupt proceedings in the trial court and delay the entry of final judgments. Although it may not be the most efficient or effective method of review, issues resolved by nonfinal orders usually can be reviewed on direct appeal. Thus, there are reasons of judicial process that may explain our decisions to place an economic risk upon the party who chooses to commence an unsuccessful appeal from a nonfinal order. Our experience convinces us to continue to adhere to the traditional approach even if logic might suggest otherwise.