NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

UNIVERSAL PROPERTY & CASUALTY
INSURANCE CO.,

      Appellant,

v.

STEPHEN LONG,

      Appellee.

_____

Case No. 2D13-5490

Opinion filed January 30, 2015.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Hillsborough
County; Sam D. Pendino, Judge.

Brian A. Oltchick and Bernard I. Probst of
Walton Lantaff Schroeder & Carson LLP,
Tampa, for Appellant.

Peter M. Cardillo of Cardillo Law Firm,
Tampa, for Appellee.

NORTHCUTT, Judge.

      After termites damaged Steven Long's Brevard County residence, he filed

suit in Hillsborough County against two termite protection companies. In both cases,

venue was transferred to Brevard. Long then sued his homeowner's insurer, Universal

Property and Casualty Insurance Co., after the insurer denied coverage for the alleged

collapse of the house due to hidden termite and decay damage. This suit, too, was filed in Hillsborough County. Universal first moved to dismiss the complaint and then answered it, but it did not raise the defense of improper venue. See Fla. R. Civ. P. 1.140(b). Ten months later, Universal filed a motion to transfer venue to Brevard County. It challenges the denial of that motion in this nonfinal appeal. See Fla. R. App. P. 9.130(a)(3)(A). We reverse.

The parties agree that although Universal did not raise the defense of improper venue, it could still seek to transfer venue under section 47.122, Florida Statutes (2013). See Fla. Health Scis. Ctr. v. Elsenheimer, 952 So. 2d 575, 577 (Fla. 2d DCA 2007). That statute sets forth three bases for transferring venue: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice. § 47.122.

Although Universal's motion raised the three statutory considerations, the circuit court did not address them. It focused instead on the fact that the lawsuit had been set for trial. The court remarked at the hearing:

> [T]he case was filed in February. Effectively, 18 months has
> expired. If I agree with you that it's complex litigation, it's
> met its time standard. Okay? So if I transfer this case it
> would be effectively continuing the trial. Your motion to
> transfer venue as to Universal and Steven Long, the original
> lawsuit, is denied.

A circuit court may not ignore the three pertinent factors when deciding whether a venue transfer under section 47.122 is proper. For example, the court in Peterson, Howell & Heather v. O'Neill, 314 So. 2d 808 (Fla. 3d DCA 1975), held that the circuit court abused its discretion when it denied a section 47.122 motion while failing to

recognize or address the convenience of the parties or the witnesses. The Third District remarked that a court "does not have the right to disregard the established principles and guidelines set forth by law for decision in such matters." Id. at 810. Observing that the circumstances in that case established that the motion to transfer venue should have been granted, the O'Neill court reversed the denial of the defendants' motion.

Similarly, in this case the three statutory considerations compel our conclusion that the suit should be transferred from Hillsborough County to Brevard County. Vis-a-vis the convenience of the parties, we acknowledge that Long chose to file in Hillsborough County, and we assume that that county is convenient for him. But a plaintiff's choice of venue is not a paramount consideration; it is merely a " 'meaningful one in assessing the convenience of the parties.' " Darby v. Atlanta Cas. Ins. Co., 752 So. 2d 102, 103 (Fla. 2d DCA 2000) (quoting J.L.S. v. R.J.L., 708 So. 2d 293, 295 (Fla. 2d DCA 1998)). Significantly, Long lives in Brevard, and certainly that county would not be inconvenient for him. Universal's headquarters and sole office are in Broward County.

The most important consideration when determining whether to grant a section 47.122 motion is the convenience of the witnesses. Elsenheimer, 952 So. 2d at 578. As mentioned, this lawsuit involves termite damage to Long's Brevard County house and whether that damage was a covered peril under Universal's homeowner's policy. Universal denied the claim based on a policy exclusion for damages arising out of "claims that are related to maintenance, rodent and insect infestation." Long's own witness list establishes that the termite prevention companies that treated the residence

-3-

and their representatives are located in Brevard County. Other witnesses—from a construction company, an inspection service, a plastering and stucco business, and an electrical service—are all located in Brevard County. Universal's list identifies, among others from Brevard County, a witness from the County Building Department. The only witnesses from Hillsborough County are two experts, one for Long and one for Universal, who are expected to testify about the collapse of the residence.

The interests of justice also militate in favor of a venue transfer. Long's suits against the termite protection companies were transferred to Brevard County. The Hillsborough circuit court permitted Universal to file third-party claims against both of those companies, and those claims have been transferred to Brevard County, as well. Thus, three suits involving termite damage to the residence are pending in Brevard. The only proceeding remaining in Hillsborough is Long's suit on Universal's policy. While there will certainly be coverage issues in that suit that differ from the issues in the others, Universal's denial of coverage is based on an exclusion for damages caused by insects. Moving the suit against Universal to Brevard County will avoid duplication of testimony. Many of the witnesses identified by the parties in this lawsuit will no doubt be witnesses in the Brevard suits, including the named defendants in Long's other suits and in Universal's third-party action.

The court abused its discretion when refusing to grant Universal's motion pursuant to section 47.122. We reverse and remand with directions to grant the motion.

DAVIS, C.J., and MORRIS, J., Concur.

-4-