ON MOTION FOR CLARIFICATION
MINER, Judge.
We grant the motion for clarification, withdraw our previous opinion and substitute the following in its place.
In this appeal, the Florida Department of Transportation (DOT) seeks review of a non-final order denying its motion to abate for improper venue a breach of contract action instituted by Anderson Columbia Co., Inc. (ACC) in Columbia County, Florida. Concluding that the trial court should have granted DOT’s motion to abate, we reverse for further consistent proceedings.
Simply stated, the DOT and ACC entered into a contract whereby ACC, a road building contractor, was to make improvements on a stretch of 1-75 in Alachua County, Florida. The price to be paid for such improvements was in excess of thirteen million dollars and, under the contract, ACC was required to furnish and install some 130,000 tons of as-phaltic concrete. When ACC submitted its bid for the contract, it anticipated using and its unit bid prices were based in part on the use of County Road 236 in Alachua County *610 as a haul route of materials to the jobsite. Subsequently, ACC was denied the use of County Road 236 for this purpose and was forced to find an alternative haul route.
Thereafter, ACC notified DOT of its intent to file a claim requesting an extension of time within which to complete performance under the contract and for an increase in the contract amount to cover increased costs resulting from ACC’s having to use a longer haul route. When no satisfaction of its request was forthcoming, ACC filed suit for breach of contract against DOT in Columbia County.
DOT moved to abate the action, contending that any cause of action accrued in Ala-chua County rather than Columbia County and that ACC’s suit did not seek payment of a sum certain but rather a determination of whether ACC was entitled to extra compensation under the contract because the Ala-chua County Commission prohibited ACC from using the haul route it had planned to use and on which its bid was predicated in part.
In its response, ACC agreed that in a contract action against DOT, venue is proper where the cause of action accrues.[1] However, it contended, as it does now on appeal, that venue was proper in Columbia County because its suit sought recovery of monies due under the contract and that in such situation the cause of action accrues in whatever county payment was to be made.
The thrust of ACC’s complaint against DOT is that DOT breached the contract in question by (1) failing to provide for the use of County Road 236 as a haul route; or (2) failing to inform ACC in project plans and specifications or otherwise that State Road 236 could not be used as a haul route. A further breach is alleged that DOT failed “to issue a supplemental agreement to properly adjust the contract amount and extend the contract time.” Notwithstanding these allegations in its complaint, ACC argues that its suit is based on DOT’s breach of its promise to pay monies due under the contract which were due to be paid in Columbia County. We find such a characterization of the instant dispute unpersuasive.
In support of its position, ACC cites to M.A. Kite Co. v. AC. Samford, Inc., 130 So.2d 99 (Fla. 1st DCA 1961) and Sundor Brands, Inc. v. Groves Co., Inc., 604 So.2d 901 (Fla. 5th DCA 1992). We find both cases to be factually inapposite. Sundor involved the defendant’s breach of a duty to pay as required by an indemnity agreement; thus venue was proper in the county where payment was to be made. In Kite, a subcontractor brought suit against its general contractor “to recover a stated sum of money” owed to the subcontractor for “extra work” that the sub performed under a provision of its contract. This court concluded that the subcontractor’s suit was based upon a refusal to pay money due under the contract and venue was found to be proper in the county where payments were to be made. Although we acknowledge some superficial similarity between Kite and the case at hand, where ACC alleges it was “forced to perform unforeseen work,” a comparison of the factual situations in the two cases quickly breaks down. Kite alleged that it had performed work under a specific contractual provision for which payment was due from the general contractor; in short, Kite claimed a breach of a promise to pay. By contrast, the breach alleged by ACC in the case at hand involves DOT’s failure to provide a haul route or its failure to inform ACC that the primary haul route would be unavailable; it also alleged that DOT was required to issue a supplemental agreement remedying the problem by increasing the contract amount. Although money damages may remedy the breach, it cannot be said that DOT breached a specific contractual promise to pay. Consequently, the place of payment is not a proper venue for Anderson’s suit.
REVERSED and REMANDED.
ERVIN, JOANOS and MINER, JJ., concur.

. Section 337.19(3), Florida Statutes (1993), provides: “Any action or suit brought against the department shall be brought in the county or counties where the cause of action accrued or in Leon County.”