706 So.2d 372 (1998)
MAGIC WOK INTERNATIONAL, INC., etc., et al., Appellants,
v.
Arthur LI, Appellee.
No. 97-1120.
District Court of Appeal of Florida, Fifth District.
February 13, 1998.
Rehearing Denied March 11, 1998.
*373 Karen J. Prevatt of Prevatt England & Taylor, Tampa, for Appellants.
Xiao Bing Xu, Orlando, for Appellee.
COBB, Judge.
The issue on this appeal concerns venue and arose when Arthur Li, plaintiff/appellee, filed a complaint against Magic Wok International, Inc. and Standard Investment Group, Inc., defendants/appellants.
According to the complaint, Magic Wok and Standard Investment operated from an office in Tampa, Florida and held themselves out as franchisers or management companies for chain restaurants located within the United States. Arthur Li argued that venue was properly in Orange County.
Li's business relationship with Magic Wok and Standard was to the effect that he would be compensated for a percentage of the gross sales and on the income of the investments. Thus, Li would introduce investors to Magic Wok and Standard and assist the investors in entering into agreements with them for the purpose of acquiring assets and funding restaurants in the United States. Li would also assist investors entering into management contracts with Magic Wok and Standard. Magic Wok and Standard would then manage the restaurants for the investors using the trade names of Mr. Wu's Chinese Gourmet, Little Tokyo and Cajun Cafe & Grill.
After getting approximately three restaurants going and making several quarterly payments, Magic Wok and Standard stopped paying Arthur Li sums due under the agreement. Li specifically alleged that the defendants kept different sets of financial records and systematically and fraudulently under-reported monthly sales for all restaurants they owned, managed or operated thus basically engaging in, "cooking the books."
Subsequently, Magic Wok and Standard filed a joint motion to dismiss the complaint based on improper venue.
Both claimed that they had no offices in Orange County, but rather kept business offices in Hillsborough County. Magic Wok and Standard argued that the causes of action accrued, if at all, in Hillsborough County as there were no fraudulent practices and schemes that took place in Orange County and no property in litigation was located in Orange County. Additionally, the appellants/defendants maintained that all records/books were prepared in Hillsborough County.
Finally, Magic Wok and Standard maintained that there was no "fixed sum of money" due and thus venue would not be proper where the plaintiff resides.
Li specifically noted he was asserting venue in Orange County based on "place of payment" noting that a "service contract" was involved. The trial court agreed:
THE COURT: All right. Your contention is this is a service contract that would overcome this presumption on non-liquidated damages?
MR. XU:(Attorney for Arthur Li): That's correct, Your Honor.
THE COURT: Well, I tend to agree, so I'm going to deny the motion.
*374 In regard to forum non conveniens, Magic Wok and Standard stated that the only nexus with Orange County, Florida was that the plaintiff lived in that county.
As Magic Wok and Standard point out, "... the only issue appears to be whether the cause of action for breach of contract in Count I of the instant lawsuit accrued in Hillsborough County or in Orange County." In a suit based on breach of contract, if the nature of the performance is the performance of the act of payment of money due or earned under the contract, then venue properly lies where payment was to occur. Windsor v. Migliaccio, 399 So.2d 65 (Fla. 5th DCA 1981). Additionally, where there is a cause of action based on failure to pay money due under a contract and the contract does not expressly provide a place of payment, it is implied that the debtor must seek the creditor and payment is to be made where the creditor resides. Schecter v. Fishman, 525 So.2d 502, 503 (Fla. 5th DCA 1988); Excel Insurance Company v. Brown, 406 So.2d 534 (Fla. 5th DCA 1981); Katz v. Richard Plumer Company, 479 So.2d 874 (Fla. 3d DCA 1985).
The so-called exception to the rule above arises where there is no liquidated debt involved in the contract action. Where this occurs, the court must look to the gravamen of the allegations in the complaint to determine where the cause of action accrued and proper venue lies. Perry Building Systems, Inc. v. Hayes & Bates, Inc., 361 So.2d 443, 444 (Fla. 1st DCA 1978); Mendez v. George Hunt, Inc., 191 So.2d 480 (Fla. 4th DCA 1966). See also American Fidelity Fire Insurance Company v. Allied General Contractors, Inc., 365 So.2d 442 (Fla. 3d DCA 1978); American International Food Corporation v. Lesko, 358 So.2d 250 (Fla. 4th DCA 1978) (suit for breach of contract and for tort to recover unliquidated damages and not a suit on a promise to pay a certain sum of money owed. Venue thus improper in county of residence of creditor/owner). Compare Valiant Air Command, Inc. v. Frank K. Collins & Associates, 500 So.2d 577 (Fla. 5th DCA 1986) (suit to recover other fixed sums due and owed under contract).
In the instant case, the money claimed under Count I of the complaint, breach of contract, was clearly unliquidated and subject to proof. This means that the general rule where debtor seeks creditor is inapplicable and venue would not be proper in this case where Arthur Li resides in Orange County. Venue should have been transferred to Hillsborough County where the gravamen of the allegations in the complaint occurred. Perry Building Systems; Mendez.
Accordingly, we reverse and remand to the lower court for entry of an order transferring venue to Hillsborough County.
REVERSED AND REMANDED.
DAUKSCH and GOSHORN, JJ., concur.