DAVIS, Judge.
Mike Thomas challenges the trial court’s refusal to change venue from Hillsborough County to Dade County. The parties characterize this venue question as one involving breach and repudiation of a partially completed contract involving the transfer of title to real property. However, our review of the abbreviated record reveals it to be a simple question of failure to pay money pursuant to an agreement for sale and purchase of real estate. Because venue in an action for failure to pay money is properly laid where the payment is due, which in this case is Dade County, we reverse.
The parties entered into two agreements by which Thomas agreed to purchase vacant land in Hillsborough County from David Kilcoyne Real Estate Group, Inc. Each agreement provided that Thomas would pay a $78,400 earnest money deposit within five days of execution of the agreement.[1] The deposits were to be paid to Thomas’s wife, attorney Lola Thomas, as the escrow agent, in Miami, Dade County.
Kilcoyne alleged in its complaint that Thomas breached both contracts by failing to make the required earnest money deposits in a timely fashion. Significantly, however, the prayer for relief asked only for payment of the earnest money deposits; it did not request either the full contract price or specific performance of the contract.
The general rule for the proper placement of venue in a breach of contract action has been stated as follows:
A cause of action for venue purposes accrues in the county where the contract is breached. If a plaintiff alleges breach of a covenant to pay money due or already earned under a contract, the cause of action accrues where performance of the act of payment was to occur. If the action is for breach of some other covenant, venue is proper in *552 the county where that covenant was to be performed.
Windsor v. Migliaccio, 399 So.2d 65, 66 (Fla. 5th DCA 1981) (citations omitted).
The alleged breach here was a breach of the covenant to pay money due, not a breach of contract involving the transfer of title to real property. Because the payment was to occur in Dade County, we conclude that venue was properly laid in Dade County, and the trial court erred in refusing to change venue from Hillsborough County to Dade County. See Crescent Beach, Inc. v. Jarvis, 435 So.2d 396 (Fla. 5th DCA 1983).
Accordingly, we reverse.
PARKER, A.C.J., and CASANUEVA, J., Concur.

. Because this action is before us at the preliminary venue stage, we need not determine whether Thomas's failure to pay the earnest money prevented the formation of a binding real estate contract that would support an action for its breach. See Peterson Homes, Inc. v. Johnson, 691 So.2d 563 (Fla. 5th DCA 1997).