884 So.2d 224 (2004)
DEPARTMENT OF TRANSPORTATION, Appellant,
v.
CONE & GRAHAM, INC., Appellee.
No. 2D03-4347.
District Court of Appeal of Florida, Second District.
August 6, 2004.
*225 Pamela S. Leslie, General Counsel and Gregory G. Costas, Assistant General Counsel, Tallahassee, for Appellant.
Michael R. Carey of Carey, O'Malley, Whitaker, & Manson, P.A., Tampa, for Appellee.
SILBERMAN, Judge.
The Department of Transportation (the Department) appeals a nonfinal order denying its motion to dismiss for improper venue. We reverse and remand with directions that the trial court transfer venue to Pasco County.
Appellee Cone & Graham, Inc. (Cone), brought a four-count breach of contract action against the Department in Hillsborough County. Cone asserted that venue was proper in Hillsborough County because the causes of action accrued there. Under the contract, Cone was to perform road construction and related work on the Suncoast Parkway (State Road 589) in Pasco County. In its complaint, Cone sought an equitable adjustment to the contract and an increase in the compensation due from the Department. Cone alleged that the adjustment and increase were required because the actual site conditions differed from what the parties had anticipated, resulting in Cone incurring additional costs and expenses. Section 4-3.4 of the contract's standard specifications provides for an adjustment to the contract and states, in part:
Upon written notification, the Engineer will investigate the conditions, and if he determines that the conditions materially differ and cause an increase or decrease in the cost or time required for the performance of any work under the contract, an adjustment, excluding loss of anticipated profits, will be made and the contract modified in writing accordingly. The Engineer will notify the Contractor whether or not an adjustment of the contract is warranted.
In section 4-3.2.1 the standard specifications also provide for an adjustment if "alterations or changes in quantities significantly change the character of the work under the contract."
The Department filed a motion to dismiss for improper venue and alleged that the action accrued in Pasco County, where the additional work was performed and the additional expenses were incurred.[1] The Department argued that Cone could not look to the place of payment as the location where the cause of action accrued because the alleged breach was not a *226 breach of a promise to pay a sum due under the contract. Cone responded that the Department failed to make payments due under the contract and that Hillsborough County was the place where payments were to be made. The trial court denied the motion to dismiss, and the Department appealed the nonfinal order concerning venue pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A).
The parties agree that venue is proper where the cause of action accrued, pursuant to section 337.19(3), Florida Statutes (1997). The parties' disagreement centers on whether the "place of payment" venue rule applies to the facts here. In Thomas v. David Kilcoyne Real Estate Group, Inc., 791 So.2d 550, 551-52 (Fla. 2d DCA 2001) (quoting Windsor v. Migliaccio, 399 So.2d 65, 66 (Fla. 5th DCA 1981) (citations omitted)), this court explained:
A cause of action for venue purposes accrues in the county where the contract is breached. If a plaintiff alleges breach of a covenant to pay money due or already earned under a contract, the cause of action accrues where performance of the act of payment was to occur. If the action is for breach of some other covenant, venue is proper in the county where that covenant was to be performed.
Payments due to Cone under the contract were to be made in Hillsborough County, but performance of the contract was to occur in Pasco County. Cone contends that sections 4-3.2.1 and 4-3.4 of the standard specifications in the contract provide for an adjustment to the contract for additional compensation; thus, it claims that the Department breached its contractual payment obligation and that venue is proper in Hillsborough County. The Department contends that the place of payment rule is inapplicable because Cone alleged that the Department breached the contract by failing to make an equitable adjustment to the contract and by failing to pay additional sums that are unliquidated and subject to proof. The Department maintains that the claim for breach of the contract must be brought in Pasco County, the place of performance.
The Department relies upon State, Department of Transportation v. Anderson Columbia, Co., 656 So.2d 609 (Fla. 1st DCA 1995), to support its argument that the place of payment rule does not apply when the damages sought are unliquidated and subject to proof. In Anderson Columbia, a contractor sued the Department for an increase in the contract amount because the county commission had prohibited the contractor from using its anticipated haul route upon which the contractor had based its bid in part. The contractor also contended that the Department failed to issue a supplemental agreement to increase the contract amount. The First District held that the place of payment was not a proper venue for the action because the Department did not breach a specific contractual promise to pay. The court reasoned, "Although money damages may remedy the breach, it cannot be said that DOT breached a specific contractual promise to pay." Id. at 610. The court distinguished M.A. Kite Co. v. A.C. Samford, Inc., 130 So.2d 99 (Fla. 1st DCA 1961), which involved a subcontractor's suit against the contractor to recover damages for extra work done under the contract. The Anderson Columbia court recognized that in M.A. Kite the subcontractor "claimed a breach of a promise to pay" and sought "to recover a stated sum of money." 656 So.2d at 610.
Although Cone argues that, like the plaintiff in M.A. Kite, it performed unforeseen extra work under the contract and sought additional compensation, Cone did not allege a sum certain in its complaint. Rather, it claimed that it was entitled to an equitable adjustment to the contract and additional compensation and damages.
*227 The Department also relies on PDM Bridge Corp. v. JC Industrial Manufacturing, 851 So.2d 289 (Fla. 3d DCA 2003). There, the Third District explained that "the special venue rules pertaining to suits to enforce payments on debts do not apply in the absence of a debtor-creditor relationship flowing from an express contractual promise to pay a certain sum of money owed." Id. at 291. In that case, a letter of intent between the parties called for JC Industrial to begin ordering raw materials and preparing shop drawings for bridge operating machinery that PDM was to use in a project with prime contractor Ballast Needham. Negotiations between PDM and JC Industrial ultimately failed, and JC Industrial filed suit against PDM, "asserting breach of contract, promissory estoppel, unjust enrichment and quantum meruit" and alleging that PDM had "'refused to pay' for the shop drawings" and failed to reimburse it for a payment/performance bond. Id. at 291. JC Industrial specifically sought to recover $304,000 for the shop drawings and $38,249 for the bond. The Third District determined that "if there are monies owed for shop drawings or the bond premium, they are not specified in the letter of intent and are `unliquidated and subject to proof,' thus rendering the debtor-creditor venue rule inapplicable." Id. (quoting Magic Wok Int'l, Inc. v. Li, 706 So.2d 372, 374 (Fla. 5th DCA 1998)); cf. Thomas, 791 So.2d 550 (applying the place of payment venue rule because the seller sought to recover earnest money deposits of $78,400 that the purchaser had failed to make pursuant to the parties' real estate contracts).
In Magic Wok, the court recognized that the exception to the place of payment rule occurs when "there is no liquidated debt involved in the contract action. Where this occurs, the court must look to the gravamen of the allegations in the complaint to determine where the cause of action accrued and proper venue lies." 706 So.2d at 374. There, Li alleged a breach of contract based on fraudulent schemes and practices, which resulted in Li not receiving his payments under the contract. Id. at 373. The court determined that the claim was "clearly unliquidated and subject to proof"; thus, venue was proper where the alleged fraud occurred, Hillsborough County, not where payments were to be made, Orange County. Id. at 374.
Here, Cone sought various damages, including an equitable adjustment in an unspecified amount as additional compensation and for increased expenses. Significantly, the allegations of the complaint reflect that the damages were unliquidated and subject to proof and equitable considerations. The contract between the parties contains a procedure for possible adjustments to the contract, including notice to the Department, investigation by the project engineer, and a determination by the project engineer of whether any adjustment is warranted. It is unclear whether the adjustment procedure was followed and whether any compensation is due to Cone as a result of the adjustment procedure. Because Cone's claim is not based on a sum certain due under the contract and because Cone asserts a breach by the Department of the adjustment provision of the contract, the place of payment venue rule is inapplicable.
Accordingly, we reverse the trial court's order denying the Department's motion to dismiss for improper venue and remand with directions that the trial court transfer venue to Pasco County.
Reversed and remanded.
DAVIS and COVINGTON, JJ., concur.
NOTES
[1] The Department acknowledges that if venue is improper, transfer to Pasco County, rather than dismissal, would be the appropriate relief. See McClain v. Crawford, 815 So.2d 777 (Fla. 2d DCA 2002).