SILBERMAN, Judge.
 

 Ramona Keesling filed suit against Residential Savings Mortgage, Inc., based on claims of fraud and negligence regarding Residential’s solicitation of and inducement to Keesling to take out a new mortgage loan. Residential appeals a nonfinal order denying its motion to transfer venue from Pinellas County to Broward County. We reverse and direct the trial court on remand to transfer venue to Broward County where the causes of action accrued.
 

 Keesling, who resides in Pinellas County, filed an unsworn, four-count complaint against Residential, the mortgage broker, and Potomac Mortgage Capital Incorporated,
 
 [1]
 
 the mortgage lender, for (1) false information negligently provided, (2) negligence, (3) fraud, and (4) exploitation of the elderly by deception.
 
 [2]
 
 All counts arose from Residential’s solicitation of Keesling by telephone to refinance her home. Keesling alleged that she anticipated reducing her existing monthly obligations by borrowing $120,000 from Potomac. She claimed that Residential represented that her total monthly mortgage payment would not exceed $700 but that Residential knew that, including escrows, her pay
 
 *282
 
 ments would be approximately $1200 per month. She asserted that Residential knew that she would not be able to pay the higher amount based on her fixed income.
 

 Keesling alleged that the entire transaction was handled over the telephone and through the mail. She stated that she was unable to make the first payment on the loan and that she had to enter into a “reverse mortgage” to pay off the Potomac loan. She claimed that as a result, she lost all the equity in her home.
 

 Residential filed a motion to transfer venue, alleging that Broward County was the only proper venue for Keesling’s suit under section 47.051, Florida Statutes (2007). Residential asserted that its principal and only place of business in Florida was in Broward County. Residential further argued that the claims alleged in the complaint accrued for venue purposes in Broward County and that there was no real property in litigation.
 
 See
 
 § 47.051.
 

 Residential filed the affidavit of Darren Scott in support of the motion to transfer venue. The affidavit asserted that Scott was “the Director” of Residential and that Residential maintained only one office in Florida located in Broward County. The affidavit further asserted that “[t]he settlement/closing for the refinancing referred to in the Complaint took place on October 15, 2007[,] in Broward County, Florida, and the funds which were subsequently disbursed on October 19, 2007[,] to fund that refinancing were disbursed from Bro-ward County.”
 

 The trial court conducted a hearing on the motion. Keesling did not file any affidavits or submit any evidence in opposition to the motion. The parties’ counsel presented legal argument centering on where the causes of action accrued. Keesling’s counsel did not dispute that Residential’s only office in Florida was in Broward County or that the closing occurred in Bi'oward County, although he reiterated that Keesling was solicited in Pinellas County and signed documents there. After hearing the motion, the trial court denied it without making any findings.
 

 In ruling on a motion to transfer venue based on the allegation that the plaintiffs venue choice is improper, the trial court must resolve any relevant factual issues and then determine whether the plaintiff has made a legal venue selection.
 
 PricewaterhouseCoopers LLP v. Cedar Res., Inc.,
 
 761 So.2d 1131, 1133 (Fla. 2d DCA 1999). On review, the appellate court determines whether the trial court’s factual findings are supported by competent, substantial evidence or are clearly erroneous.
 
 Id.
 
 The appellate court reviews the legal conclusions de novo.
 
 Id.
 

 Under the venue statute for corporations, a domestic corporation may be sued only (1) in the county where the “corporation has, or usually keeps, an office for transaction of its customai'y business,” (2) “where the cause of action accrued,” or (3) “where the property in litigation is located.” § 47.051. Keesling does not dispute that venue would be proper in Broward County because that is the only county in Florida where Residential has an office. And as to property in litigation, although the causes of action concern a refinancing on her home in Pinellas County, Keesling is seeking money damages. The real property is not in litigation by virtue of her claims, which sound in negligence, misrepresentation, and fraud.
 
 See McDaniel Reserve Realty Holdings, LLC v. B.S.E. Consultants, Inc.,
 
 39 So.3d 504, 508-09 (Fla. 4th DCA 2010) (determining that real property was not in litigation when plaintiff sought money damages for negligence and fraud in connection with a closing on real property);
 
 Attorneys
 
 
 *283
 

 Title Servs. of Dade County, Inc. v. Wells,
 
 468 So.2d 1120, 1121 (Fla. 4th DCA 1985) (recognizing that the property was not in litigation for venue purposes when lawsuit for an accounting and refund of alleged overpayment arose from prior mortgage foreclosure lawsuit). Thus, the only other way that venue would be proper in Pinellas County is if at least one of the causes of action accrued in Pinellas County.
 
 See
 
 §§ 47.041, .051;
 
 PricewaterhouseCoopers,
 
 761 So.2d at 1184.
 

 An unsworn complaint is sufficient to allege venue when the defendant has made no challenge to the plaintiffs venue selection.
 
 Am. Vehicle Ins. Co. v. Goheagan,
 
 35 So.3d 1001, 1003 (Fla. 4th DCA 2010). But “when a defendant challenges venue by filing an affidavit controverting the plaintiffs venue allegations, the burden shifts to the plaintiff to establish the propriety of the venue selection.”
 
 Id.
 
 Here, Residential filed an affidavit stating that the loan closing occurred in Broward County and that the funds were disbursed from Broward County. Based on that factual assertion, Residential argued at the hearing that the causes of action accrued when the closing was completed in Broward County.
 

 Keesling did not present any evidence to refute the assertion that the closing occurred in Broward County. Keesling’s counsel argued that Residential called Keesling in Pinellas County to solicit the loan, that Keesling signed the loan documents in Pinellas County, and that the transaction was conducted over the telephone and through the mail. Keesling’s counsel argued that there was no “nexus” between the loan transaction and the site of the mortgage broker. Counsel contended that the injury occurred to Keesling in Pinellas County where she suffered the loss of the equity in her home because she could not make the loan payments and had to resort to a reverse mortgage.
 

 In
 
 PricewaterhouseCoopers,
 
 this court explained that “[t]he concept of ‘nexus’ is not used to determine whether a tort action accrued in Pinellas County for purposes of venue under sections 47.011 or 47.051.” 761 So.2d at 1134. For venue purposes, a tort claim accrues where the last event needed to make the defendant liable for the tort occurs.
 
 Id.; McDaniel Reserve Realty,
 
 39 So.3d at 509. “Stated another way, a tort accrues in the county where the plaintiff first suffers injury.”
 
 McDaniel Reserve Realty,
 
 39 So.3d at 509. This court has recognized that although “the plaintiff may suffer subsequent damages, even its greatest damage, in another county, the tort accrues with the first compensable damage.”
 
 PricewaterhouseCoopers,
 
 761 So.2d at 1134.
 

 Keesling’s complaint reflects that she first suffered damages when she became obligated on the loan. Although she may have signed the documents in Pinellas County, she did not contest the factual assertion that the closing was completed in Broward County. In
 
 PricewaterhouseCoopers,
 
 the plaintiff alleged claims of negligent misrepresentation, fraudulent misrepresentation, and a statutory cause of action for securities fraud in connection with the defendants’ misrepresentations of the financial soundness of a corporation in which the plaintiff acquired stock.
 
 Id.
 
 at 1132. This court determined that the causes of action accrued when the plaintiff acquired ownership of the stock at the closing in Orange County.
 
 Id.
 
 at 1134. In making this determination, the court stated that the fact that the plaintiff obtained financial documents in Pinellas County before the closing or that the stock certificates were later mailed to the plaintiff in Pinellas County did not alter where the causes of action accrued.
 
 Id.; see also
 
 
 *284
 

 McDaniel Reserve Realty,
 
 39 So.3d at 510 (stating that fraud count accrued in county where closing occurred when the action was based on alleged misrepresentations that affected the value of the property and induced the plaintiff to enter into purchase contract).
 

 Similarly, Keesling was first injured when she became obligated on the loan when the closing was completed in Bro-ward County. In addition to her not submitting any evidence to dispute that the closing was completed in Broward County, the settlement statement attached to her complaint indicates that the place of settlement was Sunrise, Florida, which is in Broward County. Had the loan not closed, Keesling would have no compensable damages. The closing was the last event needed to make Residential liable for the causes of action alleged.
 

 Keesling also argues that this court should consider her amended complaint filed after the trial court denied the motion to transfer venue. The amended complaint was based on the same essential facts as the original compliant. It asserted claims of (1) false information negligently provided, (2) negligence, (3) violation of the Florida Deceptive and Unfair Trade Practices Act, and (4) exploitation of the elderly by deception. Keesling continued to seek money damages, and even under the amended complaint, she did not suffer any damages until she became obligated on the loan when the loan closed. Thus, although there is authority for this court to consider the amended complaint on the venue issue,
 
 see Fogarty Van Lines, Inc. v. Kelly,
 
 443 So.2d 1070, 1071 (Fla. 2d DCA 1984), the amended claims also accrued when the loan closed.
 

 Therefore, as required by the venue statute and the applicable cases, we reverse the denial of the motion to transfer venue.
 

 Reversed and remanded.
 

 WHATLEY and KELLY, JJ., Concur.
 

 [1]
 

 . Potomac Mortgage Capital Incorporated, the other defendant in the trial court, did not file an appearance in this appeal.
 

 [2]
 

 . The copy of the complaint contained in Residential’s appendix differs from the one contained in Keesling’s appendix in that the former omits page six, which sets out the claim of exploitation of the elderly by deception pursuant to sections 772.11, 825.101(3) and 825.103, Florida Statutes (2007). This discrepancy does not alter our analysis.