SILBERMAN, Chief Judge.
Suncoast Home Improvements, Inc., appeals a nonfinal order that grants a motion to transfer venue from Pinellas County to Charlotte County. Suncoast filed an action for damages against homeowners Donna Robichaud and Patricia Hamilton *971 (the owners) for failure to pay for work performed on a contract for residential repairs after Hurricane Charley. We determine that the place of payment venue rule applies to this case. Because Sun-coast alleged that payment was due in Pinellas County and the owners failed to file an affidavit to controvert the allegations, we reverse the order and remand for further proceedings.
Suncoast filed a complaint against the owners and alleged that it was a successor in interest to ICC General Contractors and that the owners had entered into a written repair contract with ICC in 2004. Sun-coast further alleged that ICC performed labor and services and provided materials under the contract. The contract, which was attached to the complaint, indicated that the owners engaged ICC to perform building repairs covered by the owners’ casualty insurance. The contract stated the cost of the work would be in accordance with the insurance estimates prepared by the contractor and approved by the owners and the insurance adjustor, plus any written change orders or additional work requested.
Suncoast alleged that ICC substantially completed the project in April 2005. In August 2005 the owners were provided an invoice for work performed on the contract, and they failed to pay the balance due. The attached invoice reflected a total of $26,519.36 with payments/credits of $9638, for a balance due of $16,881.36. The contract reflected an address for ICC in Clearwater, Florida, which is in Pinellas County. The invoice requested that payment be remitted to the Clearwater address. Suncoast alleged that payment on the account was due and payable in Pinel-las County and that the contract was breached in Pinellas County when payment was not received.
The owners filed a motion to transfer venue and asserted that “based on the license number contracted under, the proper party is Michael Christy d/b/a ICC whose registered address is in Charlotte County, Florida.” The owners further asserted that “[t]he work was performed in Charlotte County, Florida, payment was allegedly due in Charlotte County, Florida[,] and venue is proper in Charlotte County, Florida.” The owners did not submit any affidavits.
Without stating any reasoning for its decision, the trial court entered an order granting the motion to transfer venue to Charlotte County. Suncoast timely appealed the nonfinal order. See Fla. R.App. P. 9.130(a)(3)(A).
In an action against a Florida resident, venue is proper “where the defendant resides, where the cause of action accrued, or where the property in litigation is located.” § 47.011, Fla. Stat. (2005). When the defendant files a motion to transfer venue based on the plaintiffs allegedly improper venue selection, “the trial court must resolve any relevant factual issues and then determine whether the plaintiff has made a legal venue selection.” Residential Sav. Mortg., Inc. v. Keesling, 73 So.3d 280, 282 (Fla. 2d DCA 2011). The appellate court reviews the factual findings to determine whether they are supported by competent, substantial evidence or are clearly erroneous. Id. Review of legal conclusions is de novo. Id.
An unsworn complaint is sufficient to allege venue unless the defendant challenges the plaintiffs venue selection. Id. at 283. When the defendant challenges venue and files an affidavit that disputes the plaintiffs venue choice, the burden then shifts to the plaintiff to establish that the venue selection is proper. Id. Here, the owners never filed any affidavits to dispute the venue choice. However, they *972 argue that their motion challenging venue was sufficient because the complaint did not allege sufficient facts on its face to lay venue in Pinellas County. See Pozo v. Roadhouse Grill, Inc., 790 So.2d 1255, 1258 (Fla. 5th DCA 2001) (determining that because the plaintiff failed to meet its initial burden to sufficiently plead venue, the defendant’s challenge to venue by motion was sufficient without affidavits).
Suncoast argues that venue is proper in Pinellas County because the cause of action accrued there. It alleged in its complaint that the owners breached the contract by failing to make payment and that payment was due in Pinellas County. A cause of action for breach of contract accrues for venue purposes where the contract is breached. Dep’t of Transp. v. Cone & Graham, Inc., 884 So.2d 224, 226 (Fla. 2d DCA 2004). A special “place of payment” venue rule applies for the breach of contract to pay money. See id.
If a plaintiff alleges breach of a covenant to pay money due or already earned under a contract, the cause of action accrues where performance of the act of payment was to occur. If the action is for breach of some other covenant, venue is proper in the county where that covenant was to be performed.
Id. (quoting Thomas v. David Kilcoyne Real Estate Group, Inc., 791 So.2d 550, 551-52 (Fla. 2d DCA 2001)). When a contract involves the payment of money and the contract fails to specify a place of payment, payment is due where the creditor resides. Koslow v. Sanders, 4 So.Sd 37, 38 (Fla. 2d DCA 2009).
However, the place of payment venue rule applies only “when a debtor-creditor relationship exists between the plaintiff and defendant and the promise sued on is for the payment of a specified amount of money.” Id. When the damages are unliquidated and must be determined by the presentation of evidence, the debt- or-creditor rule does not apply. RJG Envtl., Inc. v. State Farm Fla. Ins. Co., 62 So.3d 678, 679 (Fla. 2d DCA 2011). This court recognized that damages are not necessarily liquidated just because the complaint seeks a sum certain. See id. ‘When there is no liquidated debt, the court looks at the allegations in the complaint to determine where the cause of action accrued and where venue lies.” Id. at 679-80.
This court determined that the place of payment rule did not apply in Cone & Graham when the breach was for failure to make an adjustment, pursuant to contract specifications, for additional compensation and the complaint sought an equitable adjustment to the contract and did not seek a sum certain. 884 So.2d at 227. In Koslow, this court again determined that the place of payment rule did not apply when the defendants did not promise to pay a specified sum of money and the plaintiff sought an accounting and declaration of the amount owed. 4 So.3d at 38.
The owners rely upon I-Net Technologies, Inc. v. Salazar, 82 So.3d 1007, 1009, n. 1 (Fla. 4th DCA 2011), which dealt with an employment agreement for which the place of payment venue rule was inapplicable. There, the Fourth District noted that damages are unliquidated when the complaint fails to demand a specific amount and alleges only general damages. Id.
Here, we recognize that the allegations in the complaint are sparse, but Suncoast sought a sum certain that the owners allegedly failed to pay and attached an invoice to the complaint reflecting that amount. It is clear that payment is based on the insurance estimates referenced in the contract. The allegations with the attached contract and invoice are sufficient to show a liquidated debt, especially in *973 light of the defense failure to file any affidavits challenging venue. In addition, the owners did not argue in the trial court that the debt was unliquidated. Therefore, we conclude that the allegations were sufficient to lay venue in Pinellas County based on the place of payment venue rule. Accordingly, we reverse the order granting the motion to transfer venue to Charlotte County and remand for further proceedings.
Reversed and remanded.
KELLY and LaROSE, JJ., Concur.