SILBERMAN, Judge.
Nathan Patterson seeks review of the order denying his motion to dismiss or to transfer based on improper venue. The underlying action was filed by Teague Financial Group, Inc., alleging that Patterson breached his contract as a life insurance sales agent by failing to reimburse Teague Financial for premiums that it had refunded to policy holders. The trial court concluded that venue was proper in Hillsbor-ough County under the “place of payment” rule. We conclude that the place of payment rule is inapplicable and reverse.
When a complaint alleges a breach of contract for failing to pay money due and the contract does not specify where payment is to be made, the place of payment rule provides for venue in the county where the creditor resides. Suncoast Home Improvements, Inc. v. Robichaud, 106 So.3d 969, 972 (Fla. 2d DCA 2013); Koslow v. Sanders, 4 So.3d 37, 38 (Fla. 2d DCA 2009). However, the place of payment rule does not apply when the damages sought in the breach of contract action are unliquidated. Robichaud, 106 So.3d at 972. Damages are unliquidated if the complaint does not seek recovery of a specific sum and the damages must instead be determined through the presentation of evidence. Id.
The parties’ contract does not specify where Patterson was to make any payments reimbursing Teague Financial for premiums that it had refunded to policy holders. The amended complaint relies on the place of payment rule and alleges that venue is proper in Hillsborough County because payment is due there. It claims that Patterson owes Teague Financial “at least” $50,228.73 for premiums it had refunded. It also states that “[t]his figure may increase as additional premiums are refunded.” In the prayer for relief, the complaint requests “judgment against [Patterson] at least in the amount of $50,228.73, with interest thereon.”
Patterson filed a motion to dismiss in which he argued that the allegations in the complaint are not facially sufficient to support venue in Hillsborough County. Patterson asserted that the place of payment rule does not apply because the damages sought are unliquidated. Instead, Patterson argued that under section 47.011, Florida Statutes (2012),[1] venue is proper in Polk County because he is from Polk County and had conducted all of his business under the contract in Polk County. He filed an affidavit in which he attested to these facts.
Teague Financial filed a response in which it continued to assert that venue was proper in Hillsborough County under the place of payment rule. Teague Financial attached the affidavit of managing partner Joe Teague in which he averred that Patterson’s debt was due in Hillsborough County. But the affidavit did not address the amount of damages that were due, and Teague Financial did not provide any additional evidence regarding damages.
The trial court found that the damages were liquidated and that venue was *575 proper in Hillsborough County under the place of payment rule. On appeal, Patterson argues that the trial court erred in determining that the damages sought in the complaint are liquidated. This court conducts a de novo review of the trial court’s legal conclusions resolving this question. See Robichaud, 106 So.3d at 971.
As previously noted, the amended complaint asserts that Patterson owes “at least” $50,228.73 and requests payment for any additional premiums that are refunded. Teague Financial filed no evidence addressing damages or establishing that the amount sought for these additional premiums is a sum certain. Because evidence will need to be presented at trial regarding the total damages that Teague Financial seeks to recover, including premiums refunded after the filing of the complaint, the damages Teague Financial seeks are unliquidated.
We reject Teague Financial’s argument that Robichaud requires a different result. There, the complaint alleged that the defendant owed money for residential repairs it had performed, and the plaintiff attached the contract and an invoice reflecting a final sum due. Robichaud, 106 So.3d at 971. This court held that the damages were liquidated because the complaint sought a sum certain and included an invoice setting forth that amount. Id. at 972. But Robichaud did not involve an allegation that the defendant owed “at least” a specified amount plus additional debts that might accrue after filing. And in this case, unlike in Robichaud, Teague Financial did not attach an invoice reflecting a final sum due.
Teague Financial also raises a Tipsy Coachman argument asserting that venue is proper in Hillsborough County even if the court erroneously applied the place of payment rule. Teague Financial claims that there is authority providing for venue where payments are due without consideration of whether the damages are liquidated or unliquidated. However, Teague Financial relies on cases applying the place of payment rule without calling it such and wherein the liquidated nature of the damages was not at issue. See, e.g., Saf-T-Clean, Inc. v. Martin-Marietta Corp., 197 So.2d 8 (Fla.1967); Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934). We reject this argument.
In conclusion, Patterson has established that the complaint does not allege sufficient facts to lay venue in Hillsborough County under the place of payment rule. Because Patterson has established as a matter of law that venue is not governed by that rule, the trial court erred in denying his motion to dismiss or to transfer on this basis. We therefore reverse and remand with directions that the trial court transfer venue to Polk County.
Reversed and remanded.
NORTHCUTT and CRENSHAW, JJ., Concur.

. Section 47.011 provides, in pertinent part, “Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.”