NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ILD CORP. f/k/a ILD                        )
TELECOMMUNICATIONS, INC.,                   )
                                            )
        Appellant,                          )
                                            )
v.                                          )        Case No. 2D13-6213
                                            )
NEW LINK NETWORK, LLC,                      )
                                            )
        Appellee.                           )
_____ )

Opinion filed February 13, 2015.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Pinellas County;
John A. Schaefer, Judge.

John A. Schifino, William J. Schifino, Jr.,
and Joseph T. King of Burr & Forman LLP,
Tampa, for Appellant.

Thomas G. Long and Amy E. Stoll of
Barnett Bolt Kirkwood Long & McBride,
Tampa, for Appellee.

SILBERMAN, Judge.

        New Link Network, LLC, sued ILD Corp. in Pinellas County for breach of

contract, negligent misrepresentation, and equitable accounting.  ILD appeals a nonfinal

order that denies its motion to change venue to St. John's County, Florida.  Because it

appears that the trial court did not consider ILD's argument for a transfer of venue on

the basis of section 47.122, Florida Statutes, (2013), we reverse and remand for the trial court to consider the argument that St. John's County is a more convenient forum.[1]

In addition to ILD, New Link sued Michael Lewis and Eddie Brooks, two of ILD's corporate officers. Lewis and Brooks filed a motion to transfer venue to St. John's County and asserted there was no proper statutory basis for venue in Pinellas County under section 47.011, Florida Statutes (2013). In doing so, they argued that the "place of payment rule" did not apply. In the alternative, they argued under section 47.122 that the trial court should transfer venue to St. John's County because it is a more convenient forum. ILD filed a motion to change venue to St. John's County based only on section 47.122 and asserted that the trial court should exercise its discretion and transfer the venue to St. John's County as a more convenient forum.

The trial court entered a boilerplate order denying Lewis and Brooks' motion. In a separate order with respect to ILD, the trial court denied the motion to change venue and found that "the place of payment venue rule applies in this case." All three defendants appealed, but the appeal as to Lewis and Brooks was subsequently dismissed because they were dismissed with prejudice from the trial court action. Thus, the only issue is the denial of ILD's motion that sought a transfer of venue under section 47.122.

Although the trial court denied ILD's motion on the basis of the "place of payment venue rule," that rule deals with the issue of whether venue is proper under section 47.011 with respect to where the cause of action accrued. See, e.g., Suncoast

---

[1]The order also dismissed some claims and gave New Link the opportunity to amend those claims. That portion of the order is not at issue and is affirmed.

Home Improvements, Inc. v. Robichaud, 106 So. 3d 969, 971-72 (Fla. 2d DCA 2013). The statute under which ILD sought to transfer venue provides that "[f]or the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought." § 47.122. The trial court exercises its discretion in determining whether to transfer venue under section 47.122. See RJG Envtl., Inc. v. State Farm Fla. Ins. Co., 62 So. 3d 678, 679 (Fla. 2d DCA 2011).

The trial court either failed to rule on ILD's argument under section 47.122 or erred in denying ILD's motion based on a factor that is applicable to an analysis under section 47.011 and not section 47.122. Thus, we reverse the order to the extent it denies ILD's motion to change venue and remand for the trial court to consider the argument that St. John's County is a more convenient forum without consideration of the place of payment rule.

Affirmed in part, reversed in part, and remanded.


LaROSE and MORRIS, JJ., Concur.